# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

__Christian McGregor__
Defendant

ORDER OF DETENTION PENDING TRIAL

Case Number: 15-30048

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☑ a preponderance of the evidence that

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

2/6/15
Date

_Signature of Judge_

MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE
Name and Title of Judge

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## Christian McGregor Order of Detention

Defendant is charged in a criminal complaint with 14 ATM burglaries involving a scheme that involved other individuals who stole vehicles, used them to ram banks and commercial businesses for the purpose of destroying ATM machines and stealing the money within, discarding the stolen vehicles and burning them so as to keep the "look out" vehicles from being detected.

By way of example, on October 19, 2014 in Dearborn, Michigan, the Secretary of State office located on Schaefer Road was rammed by suspects driving a red Dodge Caravan through the front of the building. Once inside, the suspects used the vehicle to ram the ATM, took it and fled the scene. The red van was later found burned with an empty ATM inside of it.

Defendant was stopped driving a 2003 silver Range Rover on November 2, 2014 at West Grand Boulevard and Third Streets in Detroit. Defendant McGregor was driving and Co-defendant Snerlingwas in the passenger's seat. Defendant McGregor had $2,240 cash on his person.

On November 5, 2014 two unidentified suspects drove a blue minivan through the front glass of Play Atlantis Arcade on Allen Road in Melvindale, Michigan. They took an ATM and a token machine from the location and fled the scene in the minivan.

On November 9, 2014 at the Michigan Secretary of State's office at 25263 Telegraph in Southfield, Michigan, three unidentified suspects drove a light colored van through the front glass of the building. Once inside, the vehicle was used to ram the ATM, then the suspects removed the ATM and fled the scene. Later police officers found the vehicle burned at the intersection of Bethune and Rosa Parks Blvd in Detroit with an empty ATM inside.

On November 14, 2014 at the Rite Aide Pharmacy at 22521 Michigan Avenue in Dearborn, Michigan, unidentified suspects drove a minivan into and through the front of the building. Once inside the suspects removed the ATM and fled the scene. Detroit Police officers later found the vehicle burned on Gladstone, in Detroit, with a burned and empty ATM inside the vehicle. Review of surveillance footage shows Defendant Snerling and Defendant McGregor.
On December 6, 2014 at a CVS pharmacy at 21911 W. Eleven Mile Road in Southfield, Michigan, a suspected stolen green minivan was used to ram the front wall of the building repeatedly, finally penetrating the building. Lights were activated inside the building and the suspects fled before they could take the ATM.

On December 6, 2014, shortly after the attempted burglary of the CVS pharmacy, police located the suspected stolen green minivan and gave chase. A pursuit of the van culminated in the van being stopped in the front yard of a home on Ashton in Detroit, and three occupants exited the vehicle and fled on foot. Defendant Smith was the only one apprehended.

Surveillance footage from the CVS Pharmacy on W. Eleven Mile Road showed Snerling, McGregor and Smith walking through the store on December 5, 2014, the day before the attempted burglary.

On December 23, 2014 suspects drove a silver minivan and repeatedly rammed the vehicle into the front of the building of the Secretary of State's Office located at 2835 Bagley in Detroit. Once inside, two suspects removed the ATM and fled.

Half and hour later, on December 23, 2014 at the Rite Aide Pharmacy located at 843 W. Vernor in Detroit, suspects driving the same silver minivan seen at 2835 Bagley then drove the minivan into the front of the Rite Aide Pharmacy, repeatedly ramming the wall. Once inside, the suspects attempted to take the ATM but were unsuccessful and fled the scene. Later police recovered the silver minivan which had been burned with an empty and burned ATM inside.

On December 29, 2014 at the CVS pharmacy located at 1037 Woodward in Detroit, suspects drove a stolen silver minivan to ram the front wall of that building, eventually penetrating the wall. The occupants of the van fled the scene before they were able to remove the ATM. Video footage shows the silver minivan driving to the area of State Street and Woodward Avenue, where it met up with the 2003 Silver Range Rover. Three people exited the silver minivan, including Whitfield, who exited the driver's side door. All three approached the silver Range Rover, but only two of the men got into the silver Range Rover, which then left the area. Whitfield was left standing on the street, and was followed by security guards until the police arrive on the scene. Whitfield is then arrested and taken into custody.

On January 28, 2015 at the Walgreen located at 9100 Telegraph in Taylor, Michigan, a silver Chrysler van rammed into the front doors and two people grabbed the ATM and fled. Taylor police pursued the silver Chrysler van which lost control while attempting to exit the freeway and came to a stop. The two occupants exited the vehicle and ran away on foot. The Taylor police were unable to apprehend the two men.

In addition to these burglaries described above in the Complaint, there have been two subsequent ATM burglaries of Walgreen Pharmacies allegedly involving Defendant: one on January 28, 2015 and the other allegedly on January 30, 2015.

Defendant is 27 years old and the father of three children from three different relationships. All three children reside with their respective mothers. Defendant reported that for the past month he has been residing with his cousin, and would return to the Merrick Street address where he has lived for one month, if released on bond.

Defendant has been unemployed since August 2014 when he worked for a barber shop for two years which has since gone out of business. He claims that he cuts hair in his home now to earn money. He has no other employment history.

Defendant claims that he has no assets and no liabilities. This information was not confirmed.

Defendant has an outstanding criminal bench warrant for failure to appear in 36th District Court in Detroit for driving on a suspended license. In fact, from 2006 - 2014 Defendant was cited for 65 traffic offenses, including 27 failures to appear for traffic court hearings, failures to comply with traffic court judgments, and an open intoxicants vehicle/driver charge in 2010.

Defendant's criminal history is continuing and unabated beginning from age 16 until the present time. During this relatively young life, he has had more than 21 contacts with law enforcement, most of which have resulted in arrests and convictions, and many of which the dispositions are unknown. At the age of 22 he was arrested in Flint, Michigan, for Felony Larceny involving an amount of money greater than $20,000. The following year, in 2011 he was arrested for felony robbery, the disposition of which is unclear. Three months later, in June, 2011, Defendant was charged with Felony Carjacking, Felony Armed Robbery, Felony Unarmed Robbery, Felony Larceny from the Person, Felony Motor vehicle-Unlawful Driving Away, Felony Stolen Property, Receiving and Concealing Motor Vehicle, the disposition of which is unexplained. In 2012

Defendant is charged with Felony Police Officer–Fleeing 3rd Degree, Vehicle Code, Felony Police Officer, Assaulting/Resisting/Obstructing Misdemeanor Operating-License Suspended/Revoked/Denied, for which he pled guilty and was sentenced to two years probation by the Michigan State Police.

From 2012 - 2014 several misdemeanor cases and a felony larceny case appear on his criminal history sheet. He was sentenced to one year jail time and placed on probation on 9/15/2014 for MDP.

Pretrial Services interviewed this Defendant and finds that he poses a risk of flight and a danger to the community and recommends detention.

After reviewing and analyzing the statutory factors in 18 USC 3142 et seq, this Court finds that Defendant is not a proper candidate for bond. A preponderance of the evidence establishes that

Defendant poses a flight risk, particularly in view of the facts alleged in the instant case, and there is clear and convincing evidence that Defendant poses a danger to the community. There is no condition or combination of conditions that would assure Defendant's appearance in Court or the safety of the community. Therefore Detention is Ordered.